FILED
CLERK, U.S. DISTRICT COURT
APR 1 2 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELA-LISA FRIEDMAN, | CASE NO. CV 00-11025 AHM (AJWx) |
| Plaintiff, | PRELIMINARY ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| v. | |
| QUEST INTERNATIONAL FRAGRANCES CO., et al. | |
| Defendants. | |

The Court rejects plaintiff's contention that Quest has waived its right to seek attorneys' fees. The order the Court issued in December 2001 was not a final order triggering the running of the clock nor a judgment in its own right. Quest's motion is timely under Fed. R. Civ. P. 54(d)(2)(B), 58 and 79(a) and Local Rules 54-12 and 58-6. *See Radio Television Espanola S.A. v. New World Entertainment Ltd.* 183 F.3d 922, 929-33 (9th Cir. 1999); *Corrigan v. Bargala*, 140 F.3d 815, 818 (9th Cir. 1998).

The Court sustains plaintiff's objection to paragraph 18 of the Marder declaration.

The Court agrees with plaintiff that it is Quest's obligation to apportion the fees it seeks to recover on the basis of the contractual provision in the parties' contract. *Reynolds Metal Co. v. Alperson*, 25 Cal.3d 124, 129 (1979). Although

109

Quest is on solid ground in pointing out that the non-contract claims were very closely dependent on and to a large extent flowed from the contract claim, not all the work that Quest's attorneys did is compensable, and some tasks they undertook to complete are clearly not compensable. Because on this record it is impossible for this Court to make a reasoned or informed allocation, the Court ORDERS the parties to meet and confer and, applying the guidelines described below, to stipulate to the maximum extent possible those time entries that are clearly and inextricably related to the attorneys' work on the contract claims.

There are tasks for which Quest seeks compensation that the Court will not grant, as follows.

1. Motions to dismiss that challenged only claims other than the contract claims;

2. Quest's motion to add plaintiff's mother as a necessary party;

3. Certain legal research. Although the Court cannot glean precisely what issues were researched that concern elements of the non-contract claims, the Court is persuaded that some of what Quest's lawyers did, viewed fairly and carefully, had (at best) such a remote relationship to the issues and strategies arising out of the contract claims as to be non-compensable.

4. Work performed by summer associates. The Court, from prior experience, is convinced that very often the work that "summer associates" perform at firms such as those of Quest's counsel rarely should be compensable. There are several reasons: some of the projects are "filler" projects that are designed to keep those associates busy; other services are subject to much-layered review (starting with the associate who works with the summer clerks and continuing through the pecking order up to the partner), so that several attorneys wind up recording billable hours they would not otherwise have put in; and much of the summer associates' work is excessively time-consuming and unproductive. In the exercise of its discretion here, the Court will not compensate Quest for any of the fees incurred by

the summer associates for whom it is billing.

With the foregoing criteria in mind, the Court orders that after the meet and confer Quest shall file a revised declaration setting forth two categories of requested compensation. The first shall be only those attorneys' fees which both sides agree are clearly related to Quest's rights under the parties' contract. The Court expects plaintiff's counsel to apply balanced and realistic judgment in determining what should not be contested. In addition, in the second category, Quest may seek fees for those services which Quest in good faith believes are properly compensable under the contract, but which plaintiff challenges as too indirectly related, or not related at all, to the contract claims.

In the supplemental materials, defendants may include fees it generated in preparing its fee application, but may not include any work performed in complying with this order.

The foregoing materials must be filed with the Court by not later than April 26, 2002.

By participating in this procedure Plaintiff will not waive her rights to object to the award of any attorneys' fees whatsoever.

The matter will thereafter be under submission. The hearing scheduled for April 15, 2002 is taken off calendar.

IT IS SO ORDERED.

DATE: April 12, 2002

A. Howard Matz
United States District Judge